**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

JAMIE S. COOPER, Plaintiff,

vs.

DOLGENCORP, INC., Defendant.

Case No. CIV-07-192-M

**ORDER**

Before the Court is defendant's Motion for Summary Judgment [docket no. 25], filed December 1, 2007. On January 14, 2008, plaintiff filed her response, and on January 25, 2008, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I. INTRODUCTION

This litigation arises from plaintiff's employment with defendant, the operator of a Dollar General retail store located in Luther, Oklahoma. Plaintiff worked in the position of part-time store clerk from December 2005 until her date of termination on or about January 24, 2006. During the fall of 2005, plaintiff became pregnant and informed her supervisors of her pregnancy. Plaintiff was scheduled to work the week of Christmas 2005, but she called in sick for her shifts and did not report to work due to pregnancy complications. On December 27, 2005, plaintiff consulted with her physician regarding the pregnancy complications, and on December 29, 2005, plaintiff returned to work with a note concerning the same condition. On January 5, 2006, plaintiff's physician placed her under a twenty pound lifting restriction and recommended that she only perform duties that were comfortable to her. Due to the lifting restrictions imposed her physician, defendant placed plaintiff on a two-week medical leave of absence from January 11, 2006 until January 25, 2006. Pursuant to the medical leave, defendant sent a letter to plaintiff explaining that plaintiff's employment would

be terminated if she were unable to return to work at the expiration of her leave. On or about January 24, 2006, plaintiff's employment with defendant was terminated for the reason that she exhausted all available leave and remained unable to perform the essential functions of her job due to her twenty pound lifting restriction.

Plaintiff commenced the instant action on November 2, 2007, alleging pregnancy and disability discrimination in violation of the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e, and the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101. Defendant now moves for summary judgment as to all claims asserted by plaintiff.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and

quotations omitted).

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

Title I of the ADA requires plaintiff to exhaust her administrative remedies before filing suit. *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005). "The first step to exhaustion is the filing of a charge of discrimination with the EEOC." *Jones v. United Parcel Serv.*, 502 F.3d 1176, 1183 (10th Cir. 2007). In filing the Equal Employment Opportunity Commission ("EEOC") charge, plaintiff should set forth particular information describing generally the action or practices complained of. *Id.* "The next step in determining whether a plaintiff has exhausted her administrative remedies is to the determine the scope of allegations raised in the EEOC charge because a plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id.* While the Court construes the text of the EEOC charge liberally when determining whether a basis lies for an ADA claim, plaintiff may seek judicial relief for discrimination not described in an EEOC charge if the discrimination is reasonably related to the allegations in the EEOC charge. *Id.* at 1186-87.

In this case, defendant asserts plaintiff has alleged a discriminatory act pursuant to the ADA not set forth in, or reasonably related, to her EEOC charge. Defendant contends that during her deposition, plaintiff admitted that she did not indicate that she was disabled to the EEOC and to leaving the box for disability discrimination unchecked on her EEOC charge. Defendant, therefore, concludes that the EEOC did not have notice of plaintiff's alleged disability discrimination claim and did not have the opportunity to investigate and conciliate plaintiff's now asserted ADA claim.

Plaintiff counters that her ADA claim is reasonably related to her allegations in the EEOC charge. Specifically, plaintiff's EEOC charge states she had complications with her pregnancy and had obtained a doctor's note with a twenty pound lifting restriction.

Having reviewed the parties' submissions, the Court finds that plaintiff failed to exhaust her administrative remedies as to her claim of discrimination on the basis of disability. Specifically, the Court finds that plaintiff did not check the disability box when asked the type of discrimination she was claiming. Furthermore, plaintiff left blank the question on her EEOC General Intake Questionnaire asking whether she has or was perceived to have a disability. In that plaintiff did not disclose any disability claim to the EEOC and disregarded the questions designed to specifically elicit disability claims, the Court finds that the EEOC did not have notice of plaintiff's disability and, thereby, did not investigate or attempt to conciliate her disability claim. Because an administrative investigation of plaintiff's disability discrimination claim can not be "reasonably expected to follow [her] charge of discrimination", *id.* at 1186., the Court GRANTS defendant's motion for summary judgment as to plaintiff's claim of discrimination on the basis of disability.

B. Pregnancy Discrimination

With regard to plaintiff's claim of termination on the basis of pregnancy, the relevant federal statute provides:

> It shall be an unlawful employment practice for an employer–
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual, with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's ... sex, ... or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect

> [her] status as an employee, because of such individual's ... sex....

42 U.S.C. § 2000e-2(a)(1)-(2). By amendment, Congress clarified the terms "because of sex" or "on the basis of sex" to include discrimination on the basis of pregnancy. 42 U.S.C. § 2000(k). A court will analyze claims brought pursuant to the PDA in the same way as other Title VII claims of disparate treatment. *Equal Employment Opportunity Comm'n v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1191 (10th Cir. 2000). A plaintiff alleging pregnancy discrimination "must show, through either direct or indirect evidence, that the discrimination complained of was intentional." *Id*.

Plaintiff attempts to make a direct evidentiary showing of discrimination by claiming that defendant maintained policies restricting the employment opportunities of pregnant employees. An existing policy which itself constitutes discrimination is direct evidence of discrimination. *Ramsey v. City & County of Denver*, 907 F.2d 1004, 1008 (10th Cir. 1990). Pursuant to the Code of Federal Regulation, "[a] written or unwritten employment policy or practice which excludes from employment applicants or employees because of pregnancy, childbirth or related medical conditions is in prima facie violation of Title VII." 29 C.F.R. § 1604.10(a).

In this case, plaintiff alleges that defendant has two company-wide policies which are discriminatory towards pregnant employees. First, defendant has a requirement that its store employees be able to lift as much as 55 pounds. Plaintiff contends it is axiomatic that women in the last trimester of pregnancy should not lift in excess of 55 pounds, and the heavy lifting requirement discriminates against pregnant women. Second, plaintiff states that defendant has a policy which provides light-duty work to those employees temporarily disabled as a result of on-the-job injuries. Plaintiff argues, however, that women temporarily disabled as a result of pregnancy complications

cannot ever qualify for light-duty assignments.

Having reviewed the parties' submissions, the Court finds defendant's policy concerning heavy lifting neither identifies nor depends on the status of pregnancy. Instead, the instant policy applies to all employees or potential employees alike, and thus, is neutral in administration. Furthermore, defendant's policy concerning light-duty work does not directly discriminate against pregnant employees. Defendant's light-duty work policy applies to all employee with occupational conditions including pregnant employees. Conversely, all employees with non-occupational conditions, including pregnant employees, would be excluded from defendant's light-duty work provision. While pregnant employees are undoubtedly among employees affected by defendant's policies, the issue whether these policies constitute direct discrimination need not be resolved by the Court, however, since the Court finds that plaintiff has raised a genuine issue of material fact through indirect evidence of intentional discrimination.

A plaintiff seeking to prove intentional pregnancy discrimination through indirect evidence "may use the burden-shifting framework first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to demonstrate intentional discrimination." *Horizon/CMS Healthcare Corp.*, 220 F.3d at 1191. Under this framework, plaintiff must first make a *prima facie* showing of pregnancy discrimination. *Id.* Once plaintiff establishes a *prima facie* case, a presumption of discrimination arises, and defendant has the burden to produce a "legitimate, nondiscriminatory reason" for its actions. *Id.* If defendant does so, plaintiff can survive summary judgment only by providing evidence tending to show either that pregnancy was a "determinative factor" in defendant's employment decision or that defendant's explanation is merely pretext for unlawful discrimination on the basis of pregnancy. *Id.*

To establish a *prima facie* case of pregnancy discrimination, plaintiff must prove the following: (1) she was pregnant; (2) she was qualified for light duty work; (3) she was denied light duty work; and (4) she was denied light duty work under circumstances which give rise to an inference of unlawful discrimination. *Id.* at 1192.

Defendant concedes that plaintiff has met the first and third elements. Defendant alleges, however, that plaintiff has not established the second and fourth element of her *prima facie* case. Defendant alleges the second element of a *prima facie* case of pregnancy discrimination, that plaintiff was not qualified for light duty work, is unmet. Specifically, defendant contends that plaintiff did not suffer an on-the-job injury and, therefore, cannot show a *prima facie* case for pregnancy discrimination.

Plaintiff alleges, however, that the Tenth Circuit has held that "Defendant's assertions that [plaintiff] was denied modified-duty assignments because she did not suffer on-the-job injuries are directed to the issue of whether Defendant has articulated a legitimate, non-discriminatory reason for the adverse employment action suffered by [plaintiff]." *Id.* at 1193. Furthermore, plaintiff asserts the instant consideration is "more properly considered at the secondary stage of the *McDonnell Douglas* analysis." *Id*. at 1194.

In light of the Tenth Circuit authority and having reviewed the parties' submissions, the Court finds that the second element of plaintiff's *prima facie* case is met because the sufferance of on-the-job injuries does not preclude the satisfaction of this element. Specifically, the Court finds that plaintiff's qualification for light duty work, if defendant challenges, is more properly considered pursuant to the second prong set forth in the *McDonnell Douglas* analysis.

The fourth element of the *prima facie* case requires proof plaintiff was denied light duty

work under circumstances which give rise to an inference of unlawful discrimination. Plaintiff may meet this requirement by showing that she was treated less favorably than her non-pregnant counterparts. *Id*. at 1195, n.6. Defendant alleges there is no evidence that plaintiff was denied light duty under circumstances which give rise to an inference of unlawful discrimination. Specifically, defendant contends that plaintiff cannot identify any non-pregnant employees who were accommodated with light duty assignments, other than those with workers' compensation injuries.

For her part, plaintiff alleges that she was treated differently than Bart Cooper, a non-pregnant, temporarily disabled employee who was given light-duty assignments. The Court, having reviewed the parties' submissions, finds that plaintiff has set forth sufficient evidence to satisfy the fourth element of her *prima facie* case for pregnancy discrimination. Specifically, plaintiff has submitted evidence which may give rise to an inference of unlawful discrimination. Furthermore, the Court finds "[s]hort-circuiting the analysis at the prima facie stage frustrates a plaintiff's ability to establish that the defendant's proffered reasons were pretextual". *Id*. at 1193.

Having found that plaintiff has presented sufficient evidence as to her *prima facie* case of pregnancy discrimination, the Court must evaluate the reasons offered by defendant to explain the actions taken with regard to plaintiff. Defendant argues plaintiff was not provided a light duty assignment pursuant to its company policy because only employees who are injured on the job qualify for modified duty assignments. Therefore, defendant contends it has legitimate, non-discriminatory business reasons for distinguishing between employees who cannot perform their essential job functions due to being injured on the job, and those with limitations unrelated to workplace injury. The Court, therefore, finds that defendant has offered sufficient evidence of a

nondiscriminatory reason for plaintiff's discharge.

Since defendant has articulated a nondiscriminatory reason for plaintiff's discharge, plaintiff must produce evidence sufficient to raise a genuine issue of material fact as to whether defendant's reason for the adverse employment action is pretextual. *Id*. at 1198. A plaintiff can establish pretext by "revealing such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence. Evidence sufficient to raise a genuine question whether an employer's proffered explanation is pretextual may take a variety of forms." *Id*. at 1198 (internal quotation marks omitted).

In support of her claim of pretext, plaintiff cites evidence tending to show that a rational juror could conclude the proffered reason for firing plaintiff, *i.e.*, based on her inability to engage in heavy lifting, was mere pretext for unlawful discrimination. Specifically, plaintiff alleges that defendant's reason is inconsistent with a merchandise loading and unloading system defendant implemented in order to obviate the need for heavy lifting. Furthermore, defendant's store manager admits this system would allow plaintiff to have a successful career at Dollar General without ever having to engage in heavy lifting.

Having reviewed the parties' submissions, the Court finds plaintiff has raised a genuine issue of material fact as to her ability to perform her duties, and as to the validity of defendant's proffered reason for refusing to allow plaintiff to continue to work at its retail store. The Court, therefore, DENIES defendant's motion for summary judgment as to plaintiff's claim of discrimination on the basis of pregnancy.

## IV. CONCLUSION

For the reasons set forth in detail above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion for Summary Judgment [docket no. 25] as follows:

(A) The Court GRANTS the Motion for Summary Judgment as to plaintiff's claim of discrimination on the basis of disability, and

(B) The Court DENIES the Motion for Summary Judgment as to plaintiff's claim of discrimination on the basis of pregnancy.

**IT IS SO ORDERED this 4th day of April, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE