IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMIE S. COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-192-M |
| | ) | |
| DOLLAR GENERAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is "Defendant's Motion to Reconsider Order Denying Summary Judgment as to Plaintiff's Pregnancy Discrimination Claims, to Amend Summary Judgment Record to Include Deposition Transcript of Deposition Conducted by Plaintiff Outside Discovery Period, and Requesting Oral Argument, and Brief in Support Thereof" [docket no. 68], filed April 9, 2008. On April 14, 2008, defendant filed its response. Based upon the parties' submissions, the Court makes its determination.

Defendant moves this Court to reconsider its April 4, 2008 Order granting in part and denying in part defendant's motion for summary judgment. "Grounds warranting a motion to [reconsider] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

In support of its submission, defendant alleges that additional testimony and authority are newly available to support a grant of summary judgment as to plaintiff's discrimination claims. The

deposition of Anthony Ladd, employee of defendant, allegedly provides new evidence concerning defendant's EZ Store program.  Furthermore, defendant asserts that a summary judgment order in a substantially similar pregnancy discrimination case in the Western District of Oklahoma was entered by Judge Robin Cauthron on February 25, 2008.  Lastly, defendant seeks reconsideration of the testimony of its store manager Danna Wyskup ("Ms. Wyskup") on the basis that the Court's conclusion, *i.e.*, that plaintiff raised an issue of fact demonstrating that she could perform her job responsibilities, is inconsistent with Ms. Wyskup's testimony when viewed as a whole, and when viewed in the context within the EZ Store testimony of Anthony Ladd.

Having carefully reviewed defendant's motion, the Court finds no grounds which warrant reconsideration in the case at bar.  Specifically, the Court finds no intervening change in the controlling law, no new evidence previously unavailable, and no need to correct clear error or prevent manifest injustice.  The above-referenced authority from another pregnancy discrimination case in district court is not binding upon the Court.  Therefore, it does not represent controlling law. Second, the additional testimony concerning defendant's employee does not represent new evidence previously unavailable.  Arguably, defendant through due diligence may have earlier discovered the additional testimony now asserted, since it was derived from its own witness.  Third, the Court finds no need to correct clear error or manifest injustice with respect to the testimony of Ms. Wyskup.

The Court further finds it did not misapprehend the facts, it did not misapprehend either party's position, and it did not misapprehend the controlling law.  A motion for reconsideration is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed".  *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).  In some instances, furthermore, the Court finds defendant advances arguments which could have been raised when the prior motion was briefed.

Accordingly, the Court DENIES the instant motion to reconsider.

**IT IS SO ORDERED this 22nd day of April, 2008.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE